[No. 24933. *En Banc.* March 22, 1934.]

The State of Washington, *on the Relation of Tacoma School District No. 10, Appellant,* v. R. Lester Kelly *et al., Respondents.*[1]

*John H. Binns,* for appellant.

*Bertil E. Johnson* and *D. D. Schneider,* for respondents.

*McMicken, Ramsey, Rupp & Schweppe, amici curiae.*

Blake, J.—This is an appeal from a judgment dismissing an application for a writ of mandamus, after the court had sustained a demurrer to the affidavit filed in support of the application for the writ.

The salient facts alleged in the affidavit are that respondent Norton, as assessor for Pierce county, fixed the assessed valuation of all property in the county for purposes of taxation at $55,780,370; that such amount is only forty-three per cent of the true and fair value of such property; that the state board

[1]Reported in 30 P. (2d) 638.

of equalization, after investigation, so found the fact, and raised the assessed valuation of such property to $64,860,895; that said amount of $64,860,895 was found by the state board of equalization to be, and in fact was, fifty per cent of the true and fair value of the taxable property in Pierce county; that the directors of the plaintiff district met on October 2, 1933, and "after due consideration" passed a resolution fixing the assessed valuation of all the taxable property in Pierce county at $64,860,895; that the directors adopted a budget in which the estimates of expenditures were fixed upon the basis of a levy of ten mills on an assessed valuation of $64,860,895; that the resolution, budget and estimates of expenditures were duly certified to the county commissioners; that the latter refused to make a levy of ten mills on such assessed valuation of $64,860,895. The prayer was that the county commissioners be required to make a levy of ten mills on that amount for the benefit of the plaintiff district, that such levy be certified to the assessor, and that he be required to extend it on the tax rolls.

The allegations of the affidavit apparently proceed upon the theory that the directors of the school district have authority to fix valuations of property within the district for purposes of taxation. We find no authority in law for such action on their part. It is elementary that the power of taxation, subject to constitutional limitations, rests solely in the legislature. Municipal corporations have no inherent power to levy taxes. Their powers are derived through legislative grant, and are strictly construed. No implications are indulged to expand the powers granted. Cooley on Taxation (4th ed.), §§ 123, 124, 125. We find no legislative sanction for the powers the direc-

tors of the district assumed in raising the assessed valuation of the taxable property of Pierce county from $55,780,370, as fixed by the county assessor, to $64,860,895.

It is contended, however, that the plaintiff district is entitled to a levy of ten mills on the latter amount, because that is the assessed valuation as fixed by the state board of equalization for state purposes. Appellant conceives that the case of *State ex rel. Showalter v. Cook,* 175 Wash. 364, 27 P. (2d) 1075, supports this contention. This is a misapprehension of the holding in that case. It was there held that the state board of equalization, in equalizing assessments and levying taxes for state purposes, is not bound by the valuations as fixed by county assessors. In other words, for *state purposes* the state board of equalization has the power to fix the assessed valuation of taxable property in the various counties at fifty per cent of the true and fair value of such property. It does not follow, however, that this valuation may be used as a basis for levy of taxes for local purposes. On the contrary, it cannot be, in view of article XI, § 12, of the constitution, which provides:

"The legislature shall have no power to impose taxes upon counties, cities, towns, or other municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may by general laws vest in the corporate authorities thereof the power to assess and collect taxes for such purposes."

In *State ex rel. State Tax Commission v. Redd,* 166 Wash. 132, 6 P. (2d) 619, construing chapter 106, Laws of 1931, p. 306 (Rem. Rev. Stat., § 11301 *et seq.*), in the light of this provision of the constitution, we said:

"Manifestly, the legislature not possessing such power, the state tax commission (an agency created by the legislature) can not legally assess property within the limits of a county for county purposes. It follows that the state tax commission is likewise without authority to reassess such property for the same purpose.

"If the local authorities only, as we hold, have the power to list and value property within the county for local taxation purposes, no other authorities can legally relist and revalue that property for local taxation purposes. . . .

"In so far as it provides that the state tax commission may reassess for local taxation purposes property within a county, city, town, or other municipal corporation, chapter 106, Laws of 1931, is unconstitutional."

It seems clear to us that to permit the appellant to make its levy on the basis of the valuation fixed by the state board of equalization would, in effect, amount to an imposition of taxes by the legislature "upon counties, cities, towns or other municipal corporations" for *local purposes*. The demurrer to the affidavit was properly sustained.

Judgment affirmed.

TOLMAN, MILLARD, STEINERT, HOLCOMB, MAIN, and MITCHELL, JJ., concur.

BEALS, C. J., and GERAGHTY, J., concur in the result.